# UNITED STATES BANKRUPTCY COURT
## District of New Hampshire

In re **Derrick C. DiMaggio**
**Heidi L. DiMaggio**
Debtor

Bk. No. **18-11582** - **BAH**
Chapter **13**

## CHAPTER 13 PLAN DATED  December 3, 2018

☐ If this box is checked, this plan contains certain nonstandard provisions set out in paragraph 13 below. Any nonstandard provisions stated elsewhere in this plan are void.

☐ If this box is checked, this plan seeks to limit the amount of a secured claim based on a valuation of the collateral for the claim pursuant Federal Rule of Bankruptcy Procedure 3012. Details are set out in paragraph 7 below.

☐ If this box is checked, the debtor(s) will seek to avoid a judicial lien or non-possessory, nonpurchase-money security interest by separate motion to be filed in due course pursuant to Federal Rule of Bankruptcy Procedure 4003. Details are set out in paragraph 13 below.

Debtor: **Derrick C. DiMaggio**   SS# **xxx-xx-3116**
Joint Debtor: **Heidi L. DiMaggio**   SS# **xxx-xx-0041**

1. **PLAN PAYMENTS**

   The applicable commitment period pursuant to 11 U.S.C. § 1325(b)(4) is not less than **5** years. This is a **60** month plan.

   Debtor(s) will make regular payments to the Trustee as follows:

   $**198.48** per month for **60** months

   Total of monthly plan payments:   $**11,908.80**

   Debtor(s) will make additional payments(s) to the Trustee from other sources as specified below. Describe the source, estimated amount, and date of each anticipated payment.

   In addition, for each year during the term of the plan, all tax refunds in excess of $____ will be remitted within fourteen (14) days of receipt to the trustee as additional disposable income to fund the plan. Deviation from this requirement in a given year will be considered by the court only upon the filing of a motion asserting extenuating circumstances; any such motion must be filed within thirty (30) days of the date of the filing of the tax return at issue.

2. **ADMINISTRATIVE CLAIMS**

   Trustee's fee pursuant to 11 U.S.C. § 1302 and debtor's attorney's fees:
   A. Trustee's estimated fees and expense
      (10% of the total to be paid):   $ **1,191.00**

   B. Attorney's fee and expenses requested to be paid through the plan,
      payable pursuant to AO 2016-1, notwithstanding
      11 U.S.C. § 1325(a)(5)(B)(iii):   $ **1,810.00**

   C. Other:   $ **0.00**

3. **DOMESTIC SUPPORT OBLIGATIONS**

   The following DSO claims will be paid in full through the plan:

| Creditor | Estimated Total Prepetition Arrearage Claim |
|---|---|
| **-NONE-** | |

**4.     PRIORITY CLAIMS**

| Creditor | Interest Rate | Estimated Total Prepetition Claim |
|---|---|---|
| -NONE- | | |

**5.     SECURED CLAIMS (PRIMARY RESIDENCE)**

Residence Located at: _____

The Debtor(s) estimate of the fair market value of such primary residence to be: $____.

Since the debtor(s) seeks to retain the collateral, and for the lien to remain in full force and effect, the claim will be treated in one of the following two manners:

☐     Outside the plan. The mortgage is current and will continue to be directly payable by the Debtor(s).

☐     The mortgage is not current. Regular post-petition payments will be made directly by the Debtor(s) and the prepetition arrearage only is to be paid through the plan, as follows:

| Mortgagee | Estimated Total Prepetition Arrearage |
|---|---|
| | $ |
| | $ |
| | $ |

OR

☐ As set forth in paragraph 13 below.

**6.     SECURED CLAIMS (OTHER)**

Current regular payments are to be made directly by the debtor(s).  Prepetition arrearage amounts, if any, are to be paid through the plan:

| Name of Creditor | Description of Collateral | Estimated Total Prepetition Arrearage |
|---|---|---|
| **Freedom Road Financial** | **Snowmobile** | 0.00 |
| **Heritage Fed. Fam. Credit Union** | **2010 Chevrolet Silverado 2500 137000 miles** | 0.00 |
| **St Mary's Bank** | **2012 Jeep Grand Cherokee 87000 miles** | 0.00 |

The claims listed below were either (a) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below and the payments will be disbursed either by the Trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the Court, the claim amount stated on a proof of claim filed before the filing deadline under Federal Rule of Bankruptcy Procedure 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Claim Amount | Interest Rate | Monthly Plan Payment |
|---|---|---|---|---|
| **Freedom Road Financial** | **Snowmobile** | **$2,671.81** | **0.00%** | **$138.00** |
| Disbursed by | Trustee or ___ **X** Debtor(s) | | | |
| **Heritage Fed. Fam. Credit Union** | **2010 Chevrolet Silverado 2500 137000 miles** | **$33,202.00** | **0.00%** | **$600.00** |
| Disbursed by | Trustee or ___ **X** Debtor(s) | | | |
| **St Mary's Bank** | **2012 Jeep Grand Cherokee 87000 miles** | **$20,250.00** | **0.00%** | **$403.00** |

Disbursed by _____ Trustee or **X** _____ Debtor(s)

7. **SECURED CLAIMS TO BE MODIFIED**

   The following claims are modifiable under the provisions of the Bankruptcy Code and shall be paid through the plan as indicated. For purposes of Federal Rule of Bankruptcy Procedure 3015(g)(1), by confirming this plan, the Court is not making any determination under Federal Rule of Bankruptcy Procedure 3012 about the amount of a secured claim. Rather, the debtor(s) must file a separate motion consistent with Federal Rule of Bankruptcy Procedure 3012(b) and LBR 3012-1.

   Name of Creditor: **-NONE-**
   Collateral:
   Valuation:
   Proposed Treatment

8. **SECURED CLAIMS WHERE COLLATERAL TO BE SURRENDERED**

   Upon confirmation, the automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is lifted as to any collateral treated as surrendered or abandoned and such collateral shall be deemed abandoned from the estate.

   Name of Creditor: **-NONE-**
   Collateral:

9. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

   Executory contracts and unexpired leases are assumed or rejected as follows:

   | Creditor/Lessor Property Description | Assumed/Rejected | Proposed Cure Amount/Period |
   |---|---|---|
   | -NONE- | | |

10. **UNSECURED CLAIMS**

    Unsecured creditors' claims total $ **50,385.13** (including, if applicable, the unsecured portion of claims modified under paragraph 7) The percentage to be paid toward these claims will be determined after the bar date for filing claims has passed and will be specified in a motion for authorization to pay certain claims. Unsecured creditors will begin receiving payment on a *pro rata* basis with any secured arrearage and priority claims after the issuance of such an order. If all scheduled claims are allowed, the percentage distribution to creditors is estimated at **18.00** %.

11. **GENERAL PLAN PROVISIONS**

    A. **Duty to Provide Tax Returns and Income Information:** For the entire term of the plan, the debtor(s) must provide a copy of each federal income tax return or each request for an extension to file such return, directly to the trustee within seven (7) days of the filing of such return or extension request with the taxing authority. If a debtor is not required to file a federal income tax return for a particular tax year because of a lack of taxable income, then the debtor must notify the trustee, in writing, that no tax return will be filed. The trustee must receive this written notification no later than April 15 of the calendar year in which the tax return would ordinarily have been due.

    B. **Allowance of Claims**: In the event that a proof of claim is filed in an amount different from the amount listed in this plan, the proof of claim amount shall be deemed to be the correct amount unless the debtor(s) or another party in interest successfully object to the proof of claim.

    C. **Property of the Estate and Insurance:** All property shall remain property of the estate until discharge. Pursuant to 11 U.S.C. § 1306(b), the debtor(s) will remain in possession of all property of the estate unless a provision of this plan, or an order of this court, specifically states otherwise. The debtor(s) shall maintain all insurance required by law and contract upon property of the estate and the debtor(s)' property.

    D. **Retention of Lien:** All secured creditors shall retain the liens securing their claims unless otherwise stated.

    E. **Application of Payments Under This Plan:**

       1. Pursuant to 11 U.S.C. § 524(i), payments received by holders and/or servicers of mortgage claims for

ongoing postpetition installment payments shall be applied and credited to the debtor(s)' mortgage account as if the account were current and no prepetition default existed on the petition date, in the order of priority specified in the note and security agreement and applicable non-bankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

2. **If a creditor applies payments in a manner not consistent with the terms of this plan, or applies trustee payments to postpetition costs and fees without prior approval of this court, such actions may be a violation of 11 U.S.C. § 524(i).**

F. **Duty of Mortgage Servicer to Provide Loan Information:**

1. Upon written request of the debtor(s), any mortgage servicer or its successor shall provide to the debtor(s) and/or the debtor(s)' attorney all information with respect to the debtor(s)' mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes. The term "information" as used herein shall include, but is not limited to: (a) a coupon book or monthly statements to help the debtor(s) properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like. The debtor(s) shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge injunction resulting from its compliance with this section.

2. Upon written request of the debtor(s)' counsel, any of the information requested to be provided to the debtor(s) in paragraph F(1) above shall also be provided to the debtor(s)' counsel.

G. **Release of Certificate of Title Upon Satisfaction of Secured Claim:**

1. Upon satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the bankruptcy estate for which the certificate of title is in the possession of a secured creditor, such creditor shall within fourteen (14) days after demand and, in any event, within thirty (30) days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor(s) or to the attorney for the debtor(s).

2. Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph. This provision shall be enforced in a proceeding filed before this court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

12. **LIQUIDATION ANALYSIS**

In the event of a liquidation under chapter 7, I/we would claim the state/federal exemptions, based on which unsecured creditors would receive  **0.00**  %.

A. **REAL ESTATE: Residential**, located at: _____

| Description | Fair Mkt. Value | Liens | Exemption Amount and Cite | Avail. Ch. 7 |
|---|---|---|---|---|
| -NONE- | | | | |

Total non-exempt value $ **0.00**

**REAL ESTATE: Non-residential**, located at: _____

| Description | Fair Mkt. Value | Liens | Exemption Amount and Cite | Avail. Ch. 7 |
|---|---|---|---|---|
| -NONE- | | | | |

Total non-exempt value $ __0.00__

**B. NON-EXEMPT TANGIBLE ASSETS:**

| Description | Fair Mkt. Value | Liens | Exemption Amount and Cite | Avail. Ch. 7 |
|---|---|---|---|---|
| 2012 Jeep Grand Cherokee 87000 miles | $17,000.00 | $20,250.00 | $0.00<br>None | $0.00 |
| 2010 Chevrolet Silverado 2500 137000 miles | $25,000.00 | $33,202.00 | $0.00<br>None | $0.00 |
| General household furnishings | $2,000.00 | $0.00 | $2,000.00<br>N.H. Rev. Stat. Ann. § 511:2(III) | $0.00 |
| Tools, necessary for work | $8,000.00 | $0.00 | $8,000.00<br>N.H. Rev. Stat. Ann. § 511:2(III)<br>N.H. Rev. Stat. Ann. § 511:2(XVIII) | $0.00 |

Total non-exempt value $ __0.00__

**C. NON-EXEMPT INTANGIBLE ASSETS:**

| Description | Fair Mkt. Value | Liens | Exemption Amount and Cite | Avail. Ch. 7 |
|---|---|---|---|---|
| Everyday clothes | $500.00 | $0.00 | $500.00<br>N.H. Rev. Stat. Ann. § 511:2(I) | $0.00 |
| Cat | $0.00 | $0.00 | $0.00<br>None | $0.00 |
| Checking: Bar Harbor Bank | $300.00 | $0.00 | $300.00<br>N.H. Rev. Stat. Ann. § 511:2(XVIII) | $0.00 |
| Savings: Bar Harbor Bank | $50.00 | $0.00 | $50.00<br>N.H. Rev. Stat. Ann. § 511:2(XVIII) | $0.00 |
| ZNGA a single stock | $3.52 | $0.00 | $3.52<br>N.H. Rev. Stat. Ann. § 511:2(XVIII) | $0.00 |
| 401k: John Hancock | $5,947.86 | $0.00 | $5,947.86<br>N.H. Rev. Stat. Ann. §511:2(XIX) | $0.00 |
| 401(k): John Hancock | $8,758.31 | $0.00 | $8,758.31<br>N.H. Rev. Stat. Ann. §511:2(XIX) | $0.00 |

Total non-exempt value $ __0.00__

**13. SPECIFIC NONSTANDARD PLAN PROVISIONS**

Under Federal Rule of Bankruptcy Procedure 3015(c), nonstandard provisions must be set forth below. "Nonstandard provision" means a provision deviating from or not otherwise included in LBF 3015-1A. Nonstandard provisions not set forth below are void.

☐ If this box is checked, the debtor(s) propose to enter into a consensual loan modification with _____. To the extent that the treatment of the secured creditor within the plan relies on the existence of such a loan modification, the debtor(s) may not oppose a motion for relief from the automatic stay filed by the secured creditor, based solely on the proposed loan modification.

I/We declare under penalty of perjury that the foregoing is true and correct.

| Date | **December 3, 2018** | Signature | **/s/ Derrick C. DiMaggio** |
|---|---|---|---|
| | | | **Derrick C. DiMaggio** |
| | | | Debtor |

| Date | **December 3, 2018** | Signature | **/s/ Heidi L. DiMaggio** |
|---|---|---|---|
| | | | **Heidi L. DiMaggio** |
| | | | Joint Debtor |

By filing this plan, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s), certify that this plan contains no nonstandard provisions other than those set out above in paragraph 13. "Nonstandard provision" means a provision deviating from or not otherwise included in LBF 3015-1A.